16-1370-cr
*United States v. Herman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                          16-1370-cr

            v.

GREGORY E. HERMAN,

                    *Defendant-Appellant.*[*]

---

**FOR APPELLEE:**                           CHRISTINA E. NOLAN (Gregory L.
                                            Waples, *on the brief*), Assistant United
                                            States Attorneys *for* Eric S. Miller, United
                                            States Attorney, Burlington, VT.


**FOR DEFENDANT-APPELLANT:**                BARCLAY T. JOHNSON (David L.
                                            McColgin, Assistant Federal Public

---

[*] The Clerk is directed to amend the caption as above.

Defender, *on the brief*), Research and Writing Attorney *for* Michael L. Desautels, Federal Public Defender, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Gregory E. Herman appeals his conviction for possessing heroin with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). Herman challenges only the District Court's denial of his motion to suppress the heroin, which was discovered when a Vermont police officer, Trooper Richard Slusser, stopped and issued a written speeding warning to a driver, one Francis Putney, and thereafter obtained consent from Putney to conduct a canine sniff search of his truck, in which Herman was a passenger. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Herman does not contest the validity of the traffic stop. And, for its part, the Government does not contend that Putney was not "seized" during the approximately ninety-second interval between delivery of the speeding warning and his consent to the search. Nor does the Government dispute the District Court's conclusion that "Trooper Slusser undertook unrelated investigative measures that unquestionably lengthened the duration of the traffic stop beyond the time necessary to issue a written warning for Mr. Putney's excessive speed." *United States v. Herman*, No. 2:15-CR-53, 2015 WL 8758971, at *6 (D. Vt. Dec. 14, 2015); *see Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015) ("Because addressing the infraction is the purpose of the stop, it may last no longer than is necessary to effectuate that purpose." (internal quotation marks and alteration omitted)); *id.* at 1615 (explaining that while officers can "conduct certain unrelated checks during an otherwise lawful traffic stop," they "may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual"). Thus the central question on appeal is whether, by the time Trooper Slusser finished issuing the speeding warning and proceeded to prolong the stop, he had a reasonable suspicion of "legal wrongdoing" under the "totality of the circumstances." *See United States v. Arvizu*, 534 U.S. 266, 273 (2002).

Viewing the totality of the circumstances, we agree with the District Court that Trooper Slusser's brief prolongation of the traffic stop was justified by reasonable suspicion, substantially for the reasons stated by the District Court in its opinion of December 14, 2015.

**CONCLUSION**

We have reviewed all of the arguments raised by Herman on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk